**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA LESTER, | CASE NO. 1:11-cv–01070-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| MILLER, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.  Screening Requirement**

Plaintiff Sabrina Lester, a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on June 27, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

## II.   Discussion

### A.   Linkage Requirement

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at the California Institute for Women, Corona. At the time of the incidents alleged in the complaint, Plaintiff was housed at Valley State Prison for Women ("VSPW"). Plaintiff brings this action against numerous prison officials and "all inmates who involved themselves and were paid drugs by inmate Rocha" to lie about this case and "inmates who helped Tillman use the green scrubbing pad to set [her] up. (Compl. 2,[1] ECF No. 1.)

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 675-76, 129 S. Ct. at 1948-49.

In this instance, Plaintiff has not sufficiently linked the defendants named in her complaint to any acts or omissions that purportedly led to the violation of those rights. For example, Plaintiff alleges that because she refused to use crystal meth and engage in sexual orgies with other inmates,

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

and they were jealous of her, the inmates made false statements and manipulated Defendant Castellon to falsely report an injury. (ECF No. 1 at 3, 5, 7.) Plaintiff claims that her cellmates have two cell phones, a large amount of tobacco and crystal meth, and were housed with her by Defendants Castellon, Lopez, Moore, McGraw, and Van Hoff to set her up. (Id. at 4.) Plaintiff states that because she filed inmate appeals and staff complaints, there was retaliation by Defendants Castellon, Lopez, Moore, McGraw, and Van Hoff,and if an inmate files an inmate appeal prison officials house that inmate with sexual predators. (Id. at 4, 7). Defendant Wells keeps giving Plaintiff a story about mail and inmate requests not being delivered to him. Plaintiff saw Defendant Wells talking to Defendant McGraw and it seemed to Plaintiff as if Defendant McGraw was telling Defendant Wells not to bother with investigating her false imprisonment claim. (Id. at 7.)

These assertions do not suffice to show that Plaintiff's constitutional rights were violated by these Defendants. Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949-50. The vague and conclusory allegations contained in the complaint do not link the named defendants to any act or failure to act that violated her constitutional rights. Iqbal at 1949 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Jones, 297 F.3d at 934; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Additionally, the bases for Plaintiff's legal claims are not clear from the complaint. The Court will not guess as to which facts Plaintiff believes show any given constitutional violation(s). It is Plaintiff's duty to correlate her claims for relief with their alleged factual basis. If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of her constitutional rights.

Plaintiff will be permitted the opportunity to file an amended complaint clarifying the factual bases for her claims against each defendant. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. Iqbal at 1949-50. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to her claims. Plaintiff should carefully review the standards and

amend only those claims that she believes, in good faith, are cognizable.

### 1. Habeas Corpus

Plaintiff claims that the case against her was made up because other inmates are jealous of her. She wants the 360 days credit restored and the referral of charges to the District Attorney dropped. (ECF No. 1 at 5.) Additionally, Plaintiff wants to be immediately released on parole. (Id. at 11.)

When a prisoner is challenging the legality or duration of her custody and the relief she seeks is immediate or speedier release, her sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Where the action is brought to restore time credits, the effect is to shorten the term of confinement and the action would need to be brought by habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 79, 125 S. Ct. 1242, 1246 (2005). A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82, 125 S. Ct. at 1248.

Plaintiff is clearly challenging the legality or duration of her custody. Plaintiff alleges she is actually innocent and was falsely accused of a rule violation and lost 360 days of credit. Since the success in this action would necessarily demonstrate the invalidity of her confinement or its duration, the sole remedy available to Plaintiff is a writ of habeas corpus.

### 2. Retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). In order to state a claim for retaliation, Plaintiff must set forth sufficient facts to allege that a state actor took some adverse action against her because of her protected conduct, the adverse action chilled the exercise of her First Amendment rights, and did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to set forth facts to show that any named defendant took any adverse action due

to a protected conduct. While Plaintiff claims that Defendants Castellon, Lopez, Moore, McGraw, and Van Hoff housed her with her cellmates to set her up, (ECF No. 1 at 4), there are no facts alleged to support this conclusory statement. Further, Plaintiff's allegation that if an inmate files an inmate appeal, prison officials house that inmate with sexual predators, (id. at 7), does not set forth any facts linking any named defendant to a violation of Plaintiff's federal rights. Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

### 3. Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970, 1984 (1994).

Plaintiff claims that there is a lot of sexual contact between staff and inmates, staff members bring in drugs, the warden allows inmates to manufacture alcohol, and inmates are allowed to sexually harass other inmates. Inmates are placed in rooms that are not racially balanced for submitting inmate appeals. The prison allows inmates clerks to be paid to make bed moves, which is illegal. There are crooked staff members who allow inmates to do their dirty work for them. Inmates are paid to lie about other inmates, creating an unsafe environment. (ECF No. 1 at 4.) Plaintiff complains that she is not allowed to have hair grease to keep her hair moisturized. (Id. at

6.) Plaintiff's allegations fail to rise to the level of being deprived of the minimal civilized measure of life's necessities. Toguchi, 391 F.3d at 1057. Nor has Plaintiff shown that she was at a substantial risk of serious harm. Farmer, 511 U.S. at 847, 114 S. Ct. at 1984..

### 4. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

#### a. Administrative Segregation

Plaintiff claims that she has told Defendant Miller several times that she is innocent and has still been kept in administrative segregation. (ECF No. 1 at 5.) Since Plaintiff was placed in administrative segregation she has been treated with cruelty by staff. Correctional Officer Godina has a bad attitude and displays the demeanor of a person who does not appreciate her job and comes to work provoking inmates. (Id. at 9.)

The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995). Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. Toussaint, 801 F.2d at 1091 (quoting Hewitt v. Helms, 459 U.S. 460, 468, 103 S. Ct. 864 (1983)). The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).

### b. False Reports

To the extent that Plaintiff attempts to bring this action for the filing of false reports, she fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974).

### 5. Conspiracy

Plaintiff alleges that there was a conspiracy and inmates were paid to make false statements against her.[2] (ECF No. 1 at 11.) Initially, Plaintiff is advised that she may not state a claim by bringing this action against all inmates involved, but must identify each individual defendant against whom she is bringing her claim.

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Crowe v. County of San Diego, 608 F.3d 406, 440 (2010) (quoting Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

Although, for pleading purposes, the Court accepts as true the allegations in the complaint,

---

[2] Although an inmate is a private party, a conspiracy between an inmate and a prison official to violate Plaintiff's constitutional rights is sufficient to support a section 1983 claim against the inmate. Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002). A private party may be acting under color of law if they conspire with or engage in joint activity with State officials (joint action test), become so closely related with the State that their action can be said to be those of the State (government nexus test), are performing public functions (public function test), or are regulated to the point that the conduct is compelled by the State (state compulsion test). Price v. State of Hawaii, 939 F.2d 702, 708-09 (9th Cir. 1991); Single Moms, Inc., 331 F.3d at 747; see Pollard v. Geo Group, Inc., 607 F.3d 583, 590-91 (9th Cir. 2010); Blum v. Supreme Court, 457 U.S. 991 (1982).

7

the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 127 S. Ct. at 1965 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between any of the named defendants and the unidentified inmates. Further, Plaintiff has not alleged facts demonstrating that Defendants violated her constitutional rights. In order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that Defendants conspired to violate an underlying constitutional right.

### 6. **Joinder**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George, 507 F.3d at 607. Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

In her amended complaint, Plaintiff shall choose which claims she wishes to pursue in this action. If Plaintiff does not do so and her amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### 7. **Injunctive Relief**

Plaintiff requests for the Court to order polygraph tests for herself, the defendants, and the inmates who lied about her, for the staff at VSPW to be replaced, and for prison officials to be precluded from using the statements of inmates or other confidential sources. (ECF No. 1 at 3, 8, 11.) The federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the

actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Even if Plaintiff were to state a cognizable claim, the pendency of this action does not confer on the Court jurisdiction to issue an order directing the California Department of Corrections to refrain from using inmate witnesses, to order the replacement of prison staff, or to order that polygraph examinations be conducted, because such an order would not remedy the underlying legal claim, which involves Defendants' past conduct. 18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. 1142 at 1149; Steel Co., 523 U.S. at 103-04; Lyons, 461 U.S. at 101; Mayfield, 599 F.3d at 969. Plaintiff's request for injunctive relief is not cognizable.

### III. Conclusion and Recommendation

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of her constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 27, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 26, 2012**          /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE